Filed 5/21/25  P. v. Plambeck CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E084438 |
| v. | (Super.Ct.No. FVI23002080) |
| MARK ALLEN PLAMBECK, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Joshua Peter Visco, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In this *Anders/Wende*[1] matter, defendant and appellant Mark Allen Plambeck appeals from the trial court's entry of judgment after a jury convicted him of unlawfully causing a fire. (Pen. Code[2], § 452, subd. (c).) Our independent review under those authorities discloses no issue of arguable merit on which to request briefing by the parties. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 ["an arguable issue" requires "a reasonable potential for success" on appeal].) We therefore affirm the judgment.

## BACKGROUND AND OUR REVIEW

Around 3:00 p.m. on July 4, 2023, defendant knocked on a homeowner's door in Trona and told the homeowner that his yard was on fire. The man exited his home and saw flames in the front right corner of his yard, spanning an area about 10 feet wide and 5 feet deep, about 15 feet away from his house. As the man later testified at trial, "Pretty much everything in the whole corner of my yard was on fire." The man ran to his garden hose and was also able to call the fire department. Between the homeowner's and the fire department's efforts, the fire was extinguished within 20 minutes. It burned a brush-covered area approximately 30 to 40 feet wide and five feet deep.

A sergeant from the San Bernardino County Sheriff's Department responded to the scene and located defendant several hundred feet away in the nearby desert. The deputy

---

[1] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

[2] All further statutory references are to the Penal Code unless otherwise indicated.

detained defendant and found three lighters in his pockets, two of which worked. The homeowner had multiple security cameras on his property.

Defendant was arrested and charged under section 451, subdivision (c), with arson "of a structure or forest," (all caps. omitted) classified as a serious felony (§ 1192.7, subd. (c)). The first amended information alleged 13 factors aggravating the offense (Cal. Rules of Court, rule 4.421, subd. (a)) and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Defendant was held to answer on the charges when the homeowner's surveillance video depicted defendant squatting down or bending over in the area where the fire began.

At trial, the jury heard testimony, viewed the surveillance footage, found defendant not guilty of the arson charge, and convicted him of the lesser included offense of unlawfully causing a fire. In bifurcated proceedings, the trial court found the prior strike allegations and three of the aggravating factors true. The court denied defendant's motion to reduce his conviction to a misdemeanor (§ 17, subd. (b)), but partially granted defendant's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, striking an older strike conviction and leaving intact defendant's 2019 burglary conviction (§ 459). The court sentenced defendant to the midterm of two years in prison, doubled to four years by his strike.

Defendant appealed and this court appointed appellate counsel. Following counsel's review of the record, legal research, and consultation with Appellate Defenders, Inc., counsel identified no issues of arguable merit, but requested our independent review under *Anders* and *Wende*. Without suggesting error, counsel identified two issues for our

3

potential consideration:  whether the trial court abused its discretion in declining to strike defendant's strike or in declining to reduce his "wobbler" offense to a misdemeanor.

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.  We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Id*. at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

RAMIREZ _____
P. J.

MENETREZ _____
J.

4